UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JEFFERY R. BURNETT,

        Plaintiff,

                                  Case No. 2:06-cv-176
v.                                    HON. R. ALLAN EDGAR

CHIPPEWA COUNTY SHERRIFF
DEPARTMENT, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

        Plaintiff Jeffery R. Burnett, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Chippewa County Sheriff Department, Chippewa County Sheriff, Michigan State Police, Sergeant Joseph Shier, Trooper Nathan Grenfell, Trooper Ailene Bitnar, Prosecuting Attorney Brian Peppler, Prosecuting Attorney Marsha Teysen, and Prosecuting Attorney Eric Blubaugh.  Defendants Bitnar, Grenfell, Shier, and Michigan State Police have filed motions to dismiss (docket #15 and #17).  For the reasons set forth below, the undersigned now recommends dismissal of Plaintiff's complaint in its entirety.

        Initially, the undersigned notes that Plaintiff has filed numerous civil cases in this court over the last ten years. The majority of these cases have been dismissed as frivolous:

1.     *Burnett v. Quist, et al.*, No. 2:97-cv-322 (W.D. Mich. 1997) (dismissed as frivolous on December 9, 1997).

2.     *Burnett v. State of Michigan, et al.*, No. 2:97-cv-271 (W.D. Mich. 1997) (dismissed as frivolous on November 24, 1997).

3. *Burnett v. Doctoroff, et al.*, No. 2:97-cv-240 (W.D. Mich. 1997) (dismissed as frivolous on December 9, 1997).

4. *Burnett v. Brown, et al.*, No. 2:95-cv-46 (W.D. Mich. 1995) (dismissed as frivolous on March 28, 1995).

5. *Burnett v. McKeague*, No. 2:94-cv-355 (W.D. Mich. 1995) (dismissed as frivolous on March 23, 1995).

6. *Burnett v. Nelson, et al.*, No. 2:94-cv-354 (W.D. Mich. 1995) (dismissed as frivolous and failing to state a claim on February 28, 1995).

7. *Burnett v. Jones, et al.*, No. 2:94-cv-353 (W.D. Mich. 1995) (dismissed as frivolous on February 24, 1995).

8. *Burnett v. Greeley, et al.*, No. 2:94-cv-245 (W.D. Mich. 1994) (dismissed as frivolous on October 13, 1994).

9. *Burnett v. United States, et al.*, No. 2:94-cv-59 (W.D. Mich. 1994) (dismissed as frivolous on May 5, 1994).

10. *Burnett v. Riggle*, No. 2:93-cv-180 (W.D. Mich. 1993) (dismissed as frivolous on October 8, 1993).

11. *Burnett v. Michigan, et al.*, No. 2:93-cv-153 (W.D. Mich. 1993) (dismissed as frivolous on September 14, 1993).

12. *Burnett v. Chippewa County Bar Assoc., et al.*, No. 2:93-cv-152 (W.D. Mich. 1993) (dismissed as frivolous and lacking subject matter jurisdiction on August 23, 1993).

13. *Burnett v. Lake Superior State Univ., et al.*, No. 2:93-cv-119 (W.D. Mich. 1993) (dismissed as failing to state a claim upon which relief may be granted).

14. *Burnett v. Lindsay & Lindsay, LLP*, No. 2:97-cv-287 (W.D. Mich. 1998).

In addition, summary judgment and/or dismissal was granted to defendants in other cases filed by Plaintiff:

1. *Burnett v. Mulhauser*, No. 2:97-cv-161 (W.D. Mich. 1997).

2. *Burnett v. McDonald*, No. 2:97-cv-159 (W.D. Mich. 1997).

3. *Burnett v. Chippewa County Sheriff, et al.*, No. 2:93-cv-6 (W.D. Mich. 1994).

4. *Burnett v. Marquette General Hospital*, No. 2:97-cv-166 (W.D. Mich. 1998).

5. *Burnett v. Lindsay & Lindsay, LLP*, No. 2:97-cv-287 (W.D. Mich. 1998).

6. *Burnett v. Judicial Tenure Commission*, No. 2:97-cv-160 (W.D. Mich. 1998).

Finally, the undersigned notes that Plaintiff failed to prosecute at least two of the cases he filed:

1. *Burnett v. Ulrich, et al.*, No. 2:97-cv-253 (W.D. Mich. 1997) (dismissed for want of prosecution on October 6, 1997).

2. *Burnett v. Logsdon, et al.*, No. 2:93-mc-5 (W.D. Mich. 1993).

In the opinion of the undersigned, the matter should be dismissed as failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii). A complaint may be dismissed for failure to state a claim if the court determines that the plaintiff would not be entitled to relief, even if everything alleged in the complaint was true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). As in the related case in this court, *Burnett v. Chippewa County Sheriff's Dept., et al.*, 2:06-cv-164, the undersigned notes that Plaintiff's complaint in this case is largely incomprehensible. Plaintiff appears to be asserting in his complaint that he is innocent of stalking a minor and possession of child sexually abusive material and, therefore, should never have been arrested. However, Plaintiff also admits that he pleaded guilty to these charges. Plaintiff does not specify any facts showing that his federal rights were violated by any of the named defendants.

Moreover, Plaintiff may not maintain a § 1983 action against the Michigan State Police. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In addition, the State of Michigan (acting through the Michigan State Police) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the Michigan State Police is properly dismissed from this action.

The undersigned therefore recommends that Defendants' motions to dismiss (docket #15 and #17) be granted and that Plaintiff's complaint be dismissed in its entirety for failure to state a claim. In addition, should the court adopt the report and recommendation in this case, the undersigned recommends that Plaintiff's pending motions (docket #22, #29, #38, #39 and #43) be denied as moot.

In addition, for the same reasons that the undersigned recommended dismissal of this action, the undersigned discerns no good-faith basis for an appeal. *Coppedge v. United States*, 369 U.S. 438, 445 (1961).

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of

this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

               /s/ Timothy P. Greeley
              TIMOTHY P. GREELEY
              UNITED STATES MAGISTRATE JUDGE

Dated:   September 20, 2007